Eastern District of Kentucky
**FILED**

JUL 1 3 2005

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 04-305-KSF

RONALD R. COBB                                                                     PLAINTIFF

V.                                **OPINION & ORDER**

CONTRACT TRANSPORT, INC.                              DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the defendant's motion for summary judgment [DE # 12].

I.     **FACTUAL BACKGROUND & PROCEDURAL HISTORY**

In 2000, plaintiff Ronald R. Cobb began working for Byrd Trucking Company, Inc. ("Byrd"), a contractor for the United States Postal Service, hauling mail on part of a route from Denver, Colorado, to Philadelphia, Pennsylvania. The Denver-Philadelphia route was apparently organized as what is called a "relay," broken down into several relay points. The plaintiff, who lived in Mt. Sterling, Kentucky, would meet a truck at a public truck stop in Mt. Sterling, where he would take over the haul to the next relay point, also a public truck stop. After spending the night, the plaintiff would then return to Mt. Sterling with another load, where the relay would continue.

In June of 2003, defendant Contract Transport, Inc., bid for and was awarded the mail contract with the United States Postal Service for the Denver-Philadelphia route, apparently beating out Byrd for the route it had previously run. The defendant and Byrd are in no way

related and have never had any direct dealings with one another. There is no contractual relationship between them and the defendant did not purchase any assets from Byrd. The two corporate entities were not merged in any way. Rather, the defendant simply won a competitive bid contract that was previously held by Byrd, and that was their only connection.

Byrd recommended that the plaintiff and other employees in the Mt. Sterling area contact the defendant to apply for employment. The defendant advertised in the newspaper that it was hiring drivers for the Denver-Philadelphia route. The defendant hired the plaintiff in June of 2003 after an interview, and ultimately hired approximately 95% of the drivers that previously hauled mail for Byrd. When the drivers began working for the defendant, they all ran the same routes at the same relay points hauling the same product (mail) as they did when they worked for Byrd.

In October or November of 2003, the plaintiff began suffering from abdominal pain. On December 19, 2003, the plaintiff's doctor informed him that the problem was his gallbladder, which required surgery as soon as practicable. The plaintiff informed his dispatcher at work that he would be undergoing surgery on December 22, 2003, and, thus, unavailable for work for several days thereafter. On December 29, 2003, the plaintiff called the defendant's human resources officer and informed her that he would need another week off to recover, and requested a short-term disability application. The defendant's human resources officer sent the application, along with a letter saying that the defendant was "voluntarily resigned" because he made himself unavailable for work.

The plaintiff then filed suit in Montgomery County, Kentucky, Circuit Court, claiming that he was wrongfully discharged for exercising his rights pursuant to the Family and Medical Leave Act ("FMLA"). The defendant timely removed the matter to this Court.

II.     MOTION FOR SUMMARY JUDGMENT

   A.     <u>Standard</u>

Rule 56(c) of the Federal Rules of Civil Procedure allows the court to grant summary judgment "if . . . there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." In considering the evidence submitted by the parties, the Court does not weigh it or determine the truth of asserted matters. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 250 (1986). The Court is to view all facts and draw all reasonable inferences in the light most favorable to the non-moving party. <u>U.S. v. Diebold, Inc.</u>, 369 U.S. 654, 655 (1962).

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case. <u>Tolton v. American Biodyne, Inc.</u>, 48 F.3d 937, 941 (6th Cir. 1995) (citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986)). Accordingly, "[t]he mere existence of a scintilla of evidence in support of the [opposing party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [opposing party]." <u>Copeland v. Machulis</u>, 57 F.3d 476, 478 (6th Cir. 1995) (quoting <u>Anderson</u>, 477 U.S. at 252 (1986)).

Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the Court may decide the legal issue and grant summary judgment. <u>Anderson</u>, 477 U.S. at 249-50 (citation omitted). In most civil cases involving summary judgment, the Court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." <u>Id.</u> at 252. Once the moving party has satisfied its burden of proof, the burden then shifts to the non-moving party, who may not simply rely on the

pleadings but must "produce evidence that results in a conflict of material fact to be solved by a jury." Cox v. Kentucky Dep't of Transp., 53 F.3d 146, 150 (6th Cir. 1995).

### B. Plaintiff's Eligibility for FMLA

The defendant argues in its motion that the plaintiff cannot prove that he was an "eligible employee" under the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq., because he only worked for the defendant for five months before taking leave. It further argues that the plaintiff cannot show that the defendant is a "successor in interest" to Byrd for purposes of FMLA eligibility.

The FMLA defines an "eligible employee" as someone "who has been employed . . . for at least 12 months by the employer with respect to whom leave is requested under section 2612 of this title . . . ." 29 U.S.C. § 2611(2)(A)(i). The plaintiff admits that he does not meet this criteria. However, the plaintiff argues that the defendant is a "successor in interest" to Byrd, such that the plaintiff can claim his period of employment with Byrd for purposes of the FMLA, in which case he would meet the definition of an eligible employee. See id. § 2611(4)(A)(i)(II) (including a successor in interest of an employer in the definition of "employer").

The "successor in interest" regulation passed by the Department of Labor pursuant to the FMLA states as follows:

§ 825.107 What is meant by "successor in interest"?

(a) For purposes of FMLA, in determining whether an employer is covered because it is a "successor in interest" to a covered employer, the factors used under Title VII of the Civil Rights Act and the Vietnam Era Veterans' Adjustment Act will be considered. However, unlike Title VII, whether the successor has notice of the employee's claim is not a consideration. Notice may be relevant, however, in determining successor liability for violations of the predecessor. The factors to be considered include:

      (1) Substantial continuity of the same business operations;

      (2) Use of the same plant;

      (3) Continuity of the work force;

      (4) Similarity of jobs and working conditions;

      (5) Similarity of supervisory personnel;

      (6) Similarity in machinery, equipment, and production methods;

      (7) Similarity of products or services; and

      (8) The ability of the predecessor to provide relief.

    (b) A determination of whether or not a "successor in interest" exists is not determined by the application of any single criterion, but rather the entire circumstances are to be viewed in their totality.

    (c) When an employer is a "successor in interest," employees' entitlements are the same as if the employment by the predecessor and successor were continuous employment by a single employer. For example, the successor, whether or not it meets FMLA coverage criteria, must grant leave for eligible employees who had provided appropriate notice to the predecessor, or continue leave begun while employed by the predecessor, including maintenance of group health benefits during the leave and job restoration at the conclusion of the leave. A successor which meets FMLA's coverage criteria must count periods of employment and hours worked for the predecessor for purposes of determining employee eligibility for FMLA leave.

29 C.F.R. § 825.107 (2005). The plaintiff asserts that all of these factors except for 2, 5, and 8 are met in the present case and, therefore that the defendant should be considered a successor in interest to Byrd for determining the plaintiff's eligibility for FMLA leave. He does not cite any case law in support of his argument, but does quote comments published by the Department of Labor at the time the successor-in-interest regulation was written.[1]

---

      [1]     The comment seems to be limited to the McNamara-O'Hara Service Contract Act, regarding obligations as applied to service contractors performing on certain federal service

Even assuming that several of these factors are met in the present case, the plaintiff's argument ignores a critical and essential fact – there was no continuity of ownership or control between Byrd and the defendant when the defendant became the contractor for the Denver-Philadelphia mail route. The defendant cannot be Byrd's successor in interest because there simply was no predecessor-successor relationship between them in the form of a merger or transfer of assets. In fact, there is no relationship between the two at all – the defendant was not party to any agreement with Byrd, was not an assignee or transferee of Byrd, and did not acquire any rights or property from Byrd. The plaintiff argues that the defendant was running the "same contract" that Byrd ran, but offers no evidence of this. To the contrary, the evidence points to the fact that the defendant signed a separate, new contract with the United States Postal Service; thus, this is not a situation where the defendant "took over" Byrd's existing contract.

Based on the circumstances presented, analysis under the factors identified in the successor-in-interest regulation is unnecessary and improper. See, e.g., Coffman v. Chugach Support Services, Inc., ___ F.3d ___, 2005 WL 1334901 (11th Cir. June 8, 2005) (holding that corporation that replaced the plaintiff's employer as primary contractor for bases support services at Air Force base was not a "successor in interest" where there was no merger or transfer of assets, applying same factors as those outlined above). There is simply no evidence upon which the defendant can be determined to be Byrd's "successor in interest" under the FMLA in the present case. Therefore, the plaintiff cannot prove that he is an eligible employee under the FMLA.

---

contracts. The plaintiff does not explain whether or how this comment – or anything referred to therein – applies to the present case.

### III. CONCLUSION

Based on the above, the Court need not consider the defendant's remaining argument.

Accordingly, the Court, being otherwise fully and sufficiently advised, HEREBY ORDERS that

> (1) the defendant's motion for summary judgment [DE # 12] is GRANTED;
>
> (2) judgment will be entered contemporaneously herewith in favor of the defendant; and
>
> (3) this is a final and appealable Order and no just cause for delay exists.

This 13th day of July, 2005.

*KSF*

KARL S. FORESTER, SENIOR JUDGE