UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 04-305-KSF

RONALD R. COBB                                                                                             PLAINTIFF

V.                                          **OPINION & ORDER**

CONTRACT TRANSPORT, INC.                                                                    DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the plaintiff's brief in support of his request for the Court to award him liquidated damages pursuant to 29 U.S.C. § 2617 [DE #60] and the defendant's brief in support of the denial of liquidated damages [DE #61].

I.      BACKGROUND

In this matter brought under the Family and Medical Leave Act ("FMLA"), the Court found in favor of the plaintiff on summary judgment and the matter proceeded to trial to determine damages. On January 29, 2007, the jury awarded the plaintiff damages totaling $23,415.50. The Court must now determine whether to award liquidated damages pursuant to 29 U.S.C. § 2617.

The plaintiff argues that there is a strong presumption in favor of doubling and that liquidated damages are considered compensation, not a penalty or punishment. The plaintiff argues that liquidated damages are required in this case because the defendant failed at trial to prove good faith. Specifically, the defendant failed to take affirmative steps to ascertain whether the FMLA might apply in this matter, such as consulting an attorney, the Department of Labor, or

the regulations regarding successor in interest. Failure to investigate requires the Court to deny a good faith defense.

The defendant argues that liquidated damages are not appropriate because it has shown that its violation was in good faith and that it had reasonable grounds for the violation. The defendant first argues that it acted in good faith, as it made an active effort to learn the law and comply with it. The owner consulted the statute and regulations and concluded that the FMLA did not apply to the plaintiff because he did not meet the minimum hour and time requirements. The defendant also argues that its mistake about the law was reasonable, as the successor-in-interest issue was one of first impression nationwide. Finally, the defendant argues that even had the defendant sought a legal opinion regarding liability, it would likely not have been more informed than the Court's original opinion, which granted summary judgment to the defendant.

## II.   DISCUSSION

Pursuant to the FMLA, a court shall award liquidated damages equal to the damages due to lost compensation plus interest. 29 U.S.C. § 2617(a)(1)(A)(iii). However, an employer may avoid liquidated damages if it proves "to the satisfaction of the court" that it acted in "good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation" of the FMLA. Id. Pursuant to the leading Sixth Circuit case on this issue, a court may not exercise its discretionary authority to reduce or eliminate liquidated damages unless the employer first sustains its burden to prove *both* good faith and reasonable grounds. Arban v. West Publishing Corp., 345 F.3d 390, 407-08 (6th Cir. 2003). The court may exercise its discretion only consistently with the strong presumption in favor of doubling, id. at 408 (citation

omitted), and may turn to cases interpreting the Fair Labor Standards Act ("FLSA") for guidance. Id. at 407.

Regarding the second requirement, the Court finds that the defendant had reasonable grounds for believing that the plaintiff was not entitled to FMLA benefits. Until the Sixth Circuit reversed this Court's grant of summary judgment based upon its interpretation of the successor-in-interest doctrine, no court in the country had found FMLA liability under circumstances similar to those presented here. The closest case on point at the time held the opposite – that there was no successor liability unless there was a merger or transfer of assets. Given the previously unsettled nature of this question, the defendant had reasonable grounds to believe that the FMLA did not apply to the plaintiff.

Regarding good faith, the plaintiff suggests that the defendant did not act in good faith because it did not consult an attorney, the Department of Labor, or the regulations before it terminated his employment. The plaintiff cites to two cases interpreting the FLSA for the proposition that an employer that does not take affirmative action to ascertain and meet the FLSA's requirements is not acting in good faith. See Martin v. Indiana Michigan Power, 381 F.3d 574, 584-85 (6th Cir. 2004) (requiring employer to seek out additional information regarding an employee's actual job duties before classifying the position as exempt or non-exempt); Elwell v. University Hosp. Home Care Servs., 276 F.3d 832, 840-41 (6th Cir. 2002) (holding the employer did not show good faith where there was no testimony that it relied on the expertise or opinion of any other person or entity with knowledge of FLSA regulations, such as an attorney or the Department of Labor, in implementing a new compensation scheme). However, these cases do *not* hold that good faith requires an employer to consult counsel. One

of the cases, Martin, does not mention regulations or counsel at all, and another case cited by the plaintiff, Chandler v. Specialty Tires of Am. (Tn.), Inc., 283 F.3d 818 (6th Cir. 2002), does not discuss the "good faith prong" at all, but only the "reasonable grounds" prong.

The Court finds that the defendant made a good faith effort to ascertain whether the plaintiff was eligible for FMLA coverage. The owner, Ms. Jean Nible, did in fact consult the statute and the FMLA regulations herself and concluded that the plaintiff did not have sufficient time on the job to qualify for FMLA. Ms. Nible also had previous experience with FMLA in dealing with other employees. Therefore, the defendant acted in good faith by consulting the statute and the regulations.[1] See, e.g., Brock v. Wilamowsky, 833 F.3d 11, 19 (2d Cir. 1987) (to avoid an award of liquidated damages, a defendant must show "an honest intention to ascertain what the Act requires and to comply with it.").

### III. CONCLUSION

Based on the above, the Court finds that an award of liquidated damages is not appropriate in the present case. Accordingly, the Court, being otherwise fully and sufficiently advised, HEREBY ORDERS that the plaintiff's request for liquidated damages is DENIED.

This June 21, 2007.



Signed By:

*Karl S. Forester*   KSF

**United States Senior Judge**

---

[1] Even if the defendant had consulted counsel, it is entirely possible that it would have been provided advice similar to the Court's earlier opinion – that the FMLA did not apply to the plaintiff. The defendant's (and this Court's) mistake about the law was only determined when the Sixth Circuit issued its opinion after appeal.