UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 04-305-KSF

RONALD R. COBB                                                                                    PLAINTIFF

V.                                             **OPINION & ORDER**

CONTRACT TRANSPORT, INC.                                                           DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the plaintiff's motion for attorneys' fees [DE #62] and bill of costs [DE #63].

**I.     BACKGROUND**

In the present motions, the plaintiff seeks attorneys' fees pursuant to 29 U.S.C. § 2617(a)(3), which states that the Court "shall . . . allow a reasonable attorney's fee, reasonable expert witness fees, and other costs of the action to be paid by the defendant." Plaintiff's counsel provides what he says is a fair estimate of his time totaling 255.70 hours and asks the Court to award him fees at a rate of $200 per hour for a total fee award of $51,140.00. The plaintiff also seeks costs totaling $2,422.86.

The defendant responds that counsel's fee request is excessive. The Court must consider the results obtained by the plaintiff at trial, one of the most important factors in the lodestar analysis. If the total number of hours claimed are unreasonable, the Court should reduce them. When recovery is minimal in comparison to the amount of fees claims, awarding the full fee requested is excessive. In the present case, the defendant argues, despite having asked for

$160,000 in damages, the plaintiff recovered only 15% of that amount. Thus, a similar substantial reduction in the fee award is justified in the present case. The defendant also argues that the hours claimed by plaintiff's counsel are excessive and not described adequately to allow the Court to determine the nature of the activity performed.

The plaintiff replies that the hours counsel spent on the case – which essentially equal the number of hours expended by defense counsel – are reasonable. He also argues that "results achieved" is a factor that does not affect the calculation unless the plaintiff asks for an *increase* in the lodestar amount, which the plaintiff has not done. There is no question that the plaintiff was the prevailing party and, thus, the fees should be awarded as requested.

## II.     DISCUSSION

### A.     Standards

Pursuant to the FMLA, the Court "shall . . . allow a reasonable attorney's fee . . . and other costs of the action to be paid by the defendant." 29 U.S.C. § 2617(a)(3). The defendant does not dispute that the plaintiff is entitled to the fees, only the amount of the award. "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley v. Eckerhart, 461 U.S. 424, 436-37 (1983).

In determining the amount of an attorney's fee award that is "reasonable," the Court must start by calculating "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate[,]" known as the "lodestar" calculation. Id. at 429; Wayne v. Village of Sebring, 36 F.3d 517, 531 (6th Cir. 1994). Next, the Court should exclude "hours that are excessive, redundant, or otherwise unnecessary . . . ." Hensley, 461 U.S. at 434. Then, the Court

must consider other factors and determine whether it should adjust the fee award upward or downward, "including the important factor of the 'results obtained.' " Id. In considering this factor, the United States Supreme Court directs courts to address the following questions: "First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" Id. The Supreme Court further counseled in Hensley that courts may consider the twelve factors identified in Johnson v. Georgia Hwy. Express, Inc., 488 F.2d 714 (5th Cir. 1974), but noted that many of these factors are usually subsumed within the initial lodestar calculation. Hensley, 461 U.S. at 434 n.9.

      B.     **Lodestar Calculation**

The Court must first determine the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. Counsel avers that he spent 255.70 hours on the case at a rate of $200 per hour. The Court finds this number of hours to be generally reasonable given that this case went through discovery (which involved some travel and expert witnesses), dispositive motions, an appeal to the Sixth Circuit (which also involved some travel and mediation), and a trial on damages.

The defendant asserts that the hours were excessive and not adequately documented. The attack on the number of hours makes little sense to the Court, as defense counsel states that he spent 235 hours in the preparation and defense of the case (which included 30 hours of travel time to and from Iowa). As for documentation, a review of the time expended by plaintiff's counsel is adequate to determine how the time was expended. The rate also appears to be

reasonable, as it is supported by affidavits of other counsel and the defendant has not objected to it as unreasonable.

### C. Exclusion of Hours

The Court did not find, nor did the defendant identify, any areas where hours needed to be reduced for being excessive, redundant, or otherwise unnecessary.

### D. Adjustment of Hours and the *Johnson* Factors

The Sixth Circuit has held that in evaluating fee requests, the Court may consider the following twelve factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Isabel v. City of Memphis, 404 F.3d 404, 417 (6th Cir. 2005) (citing Johnson, 488 F.2d at 717-19). In his initial pleading, the plaintiff asserted that the application of the twelve Johnson factors was appropriate in this case. The defendant obviously agrees, arguing that the "results achieved" factor mandates that the Court reduce any fee award. In his reply, the plaintiff asserts that the Johnson factors have a "limited role" because plaintiff's counsel has not requested an enhancement to or increase in the lodestar amount, but does not cite any cases in support of this proposition.

Given the Supreme Court's clear direction on this question, the Court should not limit consideration of the "results obtained" factor to situations where counsel seeks an *enhancement*

-4-

of the lodestar amount. Rather, it is clear that the Court should consider whether an adjustment – either up *or* down – is necessary to the determination of a reasonable fee, and that the Johnson factors should be considered in this regard.

There are only two factors that deserve any attention. One is the novelty and difficulty of the question presented. In this regard, the Court points out that this was a case where the question of successor-in-interest liability was one of first impression in this Circuit.

The second factor the Court should consider is the amount involved and the results obtained. The Supreme Court has noted that this is one of the most important factors, as has the Sixth Circuit. See Adcock-Ladd v. Secretary of Treasury, 227 F.3d 343, 349 (6th Cir. 2000) ("A highly important *Johnson* factor is the *result achieved*.") (emphasis in original). The plaintiff was ultimately awarded $23,415.50, representing $139,069.50 in compensatory damages *less* $115,654.00 for failure to mitigate.

Responding to the two-part inquiry outlined by the Supreme Court in Hensley, the Court cannot say that the plaintiff failed to prevail on claims that were unrelated to the claims on which he succeeded. The plaintiff was ultimately granted summary judgment on all liability claims and the trial went forward on the question of damages only. Thus, his hours are not padded with time spent on unrelated claims that were unsuccessful.

The second question the Court must address is whether the plaintiff achieved a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award. The defendant argues that since the jury reduced the award by 85% for failure to mitigate, the fee award should be similarly reduced. However, the Sixth Circuit has stated that there is a strong presumption in favor of awarding the lodestar amount; modifications are appropriate only in rare

and exceptional cases supported by specific evidence in the record and detailed findings by lower courts. Adcock-Ladd, 226 F.3d at 350 (citations omitted). Despite the smaller amount of damages ultimately awarded, the Court cannot say that the plaintiff achieved only a limited success. He won on all of his claims; the jury simply did not award him what he sought. This does not appear to be one of those "rare or exceptional" cases in which the lodestar calculation should be reduced.

### III.   CONCLUSION

The plaintiff also requests costs in the amount of $2,442.86, all of which appear to be reasonable. Based on the above, the Court will grant the plaintiff's motions. Accordingly, the Court, being otherwise fully and sufficiently advised, HEREBY ORDERS that

(1)   the plaintiff's motion for attorneys' fees [DE #62] is GRANTED;

(2)   the plaintiff's bill of costs [DE #63] is GRANTED; and

(3)   the plaintiff is entitled to an award of $51,140 in attorney's fees and $2,422.86 in costs, for a total of $53,562.86 in fees and costs.

This June 26, 2007.



Signed By:
*Karl S. Forester*   KSF
**United States Senior Judge**